GREEN, ROBERT A., Jr., Associate Judge.
By this interlocutory appeal the appellants, plaintiffs in the trial court, seek review of an order of the trial court permitting the appellees’ counsel to withdraw his appearance on behalf of two unserved defendants [appellees herein], Jacob Kenin and Hava Kenin, and holding that the said defendants were not within the jurisdiction of the trial court. The action in the trial court sought damages for negligence.
On or about March 16, 1972, the appellants were involved in an automobile accident with an automobile owned by the ap-pellee, Jacob Kenin, driven by the appellee, Hava Kenin, and insured by the appellee, Allstate Insurance Company. As a result of that accident, the appellants filed, suit against all three parties. Service of process was perfected on Allstate Insurance Company, but was not perfected on Jacob Kenin and Hava Kenin. Nevertheless, the law firm of Spencer and Taylor appeared and proceeded to defend the cause on behalf of Allstate Insurance Co. and of the defendants, Kenin, individually. All defendants filed answers and counterclaims. In May of 1974, the law firm of Spencer and Taylor moved to withdraw their appearance on behalf of the individual appel-lees herein. Counsel alleged that its appearance was a courtesy, but that the whereabouts of the unserved individuals was unknown to them and it would be improper to subject the defendants, individually, to personal judgment in a suit which they had no knowledge of. After hearing the motion, the trial court entered the order appealed herein.
This is a case of first impression. Spencer and Taylor represent Allstate Insurance Company which, it is alleged, issued an automobile liability insurance policy to the defendants, Kenin. There is no contention that Spencer and Taylor do not represent Allstate.
After preparing the case for some seven months, during which time it is noted counsel filed a counterclaim on behalf of the defendants, Kenin, individually, counsel sought to withdraw and was permitted to do so. The ultimate effect of the withdrawal, if sustained, would be that plaintiffs have no cause of action against defendant because of lack of jurisdiction over the defendants, Kenin, individually, absent subsequent valid service of process.
We are of the opinion that in such a situation counsel is estopped to move to withdraw their appearance for the defendants, individually, and thereby divest the court of jurisdiction.
The Supreme Court of Florida, in 1894, said in Seedhouse v. Broward, 34 Fla. 509, 16 So. 425:
‡ ‡ ‡
“ * * * The firm of solicitors who entered this appearance are well-known and reputable members of the bar, and the presumption is that they would not have assumed to appear thus generally for all the defendants in a cause unless duly authorized so to do. * * * ”

In addition, the case of Budd v. Gamble, Fla.1869 through ’71, 13 Fla. 265, is persuasive.
*85 Accordingly, the order withdrawing appearance and discharging the individual defendants, upon which this appeal is taken, is hereby reversed.
Reversed and remanded.